**IN THE COURT OF APPEALS OF IOWA**

No. 21-1540
Filed January 12, 2022

**IN THE INTEREST OF N.H.,**
**Minor Child,**

**M.H., Mother,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Scott County, Korie Talkington, District Associate Judge.


　　A mother appeals the termination of her parental rights to her child.
**AFFIRMED.**


　　Joshua T. Cobie of Brubaker, Flynn & Darland, P.C., Davenport, for appellant mother.

　　Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General for appellee State.

　　Jennifer Olsen, Davenport, attorney and guardian ad litem for minor child.


　　Considered by Mullins, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

A mother appeals the termination of her parental rights to her child. She asserts the district court abused its discretion in denying her motion for a continuance of the termination hearing. She also argues that there was insufficient evidence supporting a statutory ground for termination, that termination was not in the child's best interest, and that the court should have applied a permissive exception to termination.

We find the court did not abuse its discretion in denying the mother's motion to continue the termination hearing. On our de novo review, we determine the record contains clear and convincing evidence to support a statutory ground that the district court relied on for termination of the mother's parental rights, termination is in the child's best interest, and no permissive exception should be applied. We affirm.

## I.      Background Facts

N.H., born in February 2020, came to the attention of the Iowa Department of Human Services (DHS) at birth after testing positive for cannabinoids. Due to the father's involvement in the child's life, DHS believed N.H. could remain safely at home. However, the father and mother separated, with the father reporting abuse by the mother and her absence from the home, often overnight. An ex parte application and removal order was filed on August 14, 2020. Before execution of the removal, the mother fled the state with N.H. The mother's absence with the child caused N.H. to miss a scheduled surgery. The removal order was executed in October at an airport when DHS learned N.H. was being transported back to Iowa by her mother and the mother's new boyfriend. The child was adjudicated a

child-in-need-of-assistance (CINA) on February 2, 2021. At the time of the termination hearing, custody of N.H. was with a relative who previously adopted one of N.H.'s half-siblings. N.H. has resided with this relative since the execution of the removal order in October 2020.

N.H. has been diagnosed with stridor, which causes difficulty breathing. She has undergone one surgery and will likely need others in the future. This medical condition requires close monitoring. N.H. is required to be on a strict schedule for eating.

N.H.'s mother has a long history of involvement with DHS. She has given birth to eight children, none of whom are in her care. Her rights to six of those children have been terminated. The mother was pregnant at the time of N.H.'s termination hearing. The previous termination of parental rights proceedings centered on concerns over the mother's substance abuse, mental health, and unstable housing—the same concerns present in N.H.'s case. Witnesses testified that the mother uses substances to self-medicate due to her mental illnesses. Testimony also revealed that the mother's mental health struggles manifested in violent outbursts. In the instant case, while the mother provided clean drug screens for approximately the last six months prior to the termination hearing, she failed to meaningfully address her mental health.

DHS concerns ultimately led to a recommendation that the mother's parental rights to N.H. be terminated. In particular, DHS caseworkers noted that the mother failed to meaningfully engage with N.H. during visits. The mother had little understanding or interest in her child's medical care. She repeatedly changed therapists and medications, most recently on October 1, 2021. Her struggle with

mental illness continues, evident by an outburst during a visit with N.H. in September 2021, less than a month prior to the termination hearing. Law enforcement was called during this supervised visit due to mother's behavior. The mother's erratic behavior has caused her contact with her child to occur outside of the home and to remain supervised.

Based on the recommendation of DHS, the State filed a petition to terminate the mother's parental rights on July 14, 2021. On July 29, the district court set the hearing for October 4. The DHS caseworker who authored the report recommending termination gave birth, resulting in her absence from the hearing. Despite the advanced notice, the mother did not subpoena the caseworker or object to the report. The mother made an oral motion for a continuance at the beginning of the hearing, which the court denied. The court terminated the mother's parental rights on October 8.[1] The mother appeals.

## II.     Standard of Review

We review termination of parental rights de novo. *In re M.D.*, 921 N.W.2d 229, 232 (Iowa 2018). "Although we are not bound by the juvenile court's findings of fact, 'we do give them weight, especially in assessing the credibility of witnesses.'" *Id.* (citation omitted). "We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). "Evidence is 'clear and convincing' when there are no 'serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence.'" *Id.* (quoting *In re C.B.*, 611 N.W.2d 489, 492

---

[1] The father's parental rights were terminated in the same proceeding as the mother's rights. He does not appeal.

(Iowa 2000)).  "Once the State has proven a ground for termination, the parent resisting termination bears the burden to establish an exception to termination." *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021) (citation omitted).  Our "fundamental concern is the child's best interests." *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014).

A motion to continue should only be granted for good cause.  *In re A.B.*, No. 16-1359, 2016 WL 5407951, at *2 (Iowa Ct. App. Sept. 28, 2016).  "[O]ur review of a district court's denial of a motion for continuance is for an abuse of discretion." *In re M.D.*, 921 N.W.2d at 232.  "A court abuses its discretion when 'the decision is grounded on reasons that are clearly untenable or unreasonable.'"  *Id.* (quoting *In re A.M.*, 856 N.W.2d 365, 370 (Iowa 2014)).

## III.    Analysis

The mother raises several issues on appeal.  First, she claims the district court abused its discretion in denying her motion for a continuance.  Second, she alleges there is insufficient evidence of a statutory ground for termination.  She also alleges that termination is not in the best interest of the child, and permissive exceptions exist which preclude termination.

### A.    Motion for Continuance

The mother alleges the district court abused its discretion by denying her oral motion for a continuance.  The motion was based on the current DHS caseworker's absence due to her recent childbirth.  The mother alleges that the DHS caseworker's absence prejudiced her because it prevented her from cross-examining the author of the report recommending termination.

We find the court did not abuse its discretion when it denied the motion for a continuance.  The mother's primary complaint is that the DHS worker's absence

prevented her from cross-examining the author of the report recommending termination. However, she did not subpoena the witness, nor did she object to the admissibility of the report. The DHS supervisor was present, as well as the previous caseworker assigned to the case for over a year. Moreover, when questioned by the district court on why the mother had not subpoenaed the caseworker, the mother's attorney stated, "I don't have a good answer for that." The mother had at least a one-week notice that the caseworker would not be present, and the hearing had been set since July 29, providing ample time to make arrangements for the caseworker's testimony.

Finally, our supreme court has noted that "continuances may be detrimental to the best interests of the child[ ]" because "[t]he focus of child welfare in this country, and Iowa, is now on permanency, and continuances of court hearings to accommodate parents might offend this goal." *M.D.*, 921 N.W.2d at 233. Given the alternatives available to the mother as well as the need for permanency for N.H., the court did not abuse its discretion in denying the motion.

### B. Whether a Ground for Termination Has Been Established

The mother alleges there is insufficient evidence of a statutory basis for termination. The district court terminated the mother's rights under Iowa Code sections 232.116(1)(g), (h), and (*l*) (2021). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). For the purposes of this appeal, we will focus on termination under section 232.116(1)(h).

Section 232.116(1)(h) contains four elements:

   (1)  The child is three years of age or younger.
   (2)  The child has been adjudicated a child in need of assistance pursuant to section 232.96.
   (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
   (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother alleges on appeal that she disputes the last factor—that the child cannot safely be returned to her custody at the present time. "[A] child cannot be returned to the parent under Iowa Code section 232.102 if by doing so the child would be exposed to any harm amounting to a new [CINA] adjudication . . . . If any one of the definitional grounds of [CINA] are met, that is enough to terminate." *In re M.M.*, 483 N.W.2d 812, 814–15 (Iowa 1992). We question whether the mother has preserved this issue, as she requested an extension of time for reunification during her testimony, as did her attorney in the mother's closing argument. For the purpose of this appeal, we elect to reach the merits of the mother's argument that the child could be safely returned to her care at the time of the termination hearing.

We find clear and convincing evidence in this record that N.H. would suffer further adjudicatory harm under section 232.2(6)(c)(2). Under that section, a child suffers adjudicatory harm when they have "suffered or is imminently likely to suffer harmful effects as a result of . . . [t]he failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." Iowa Code § 232.2(6)(c)(2). The use of "harmful effects" in this context "pertains to the physical, mental, or social welfare of a child." *In re J.S.*, 846 N.W.2d 36, 41 (Iowa 2014) (quoting *In re*

*Wall*, 295 N.W.2d 455, 458 (Iowa 1980)). Here, the mother continues to struggle with mental illness, which manifests itself in violent outbursts. Of particular note is an incident on September 13, 2021, just three weeks before the termination hearing. During that incident, the mother became so verbally abusive to staff members during a visit with N.H. present that the visit ended early and staff called the police. Witnesses testified that the mother's mental illness made visits with N.H. outside the office, such as at the mother's home, unsafe for both the child and staff. The mother also appears to frequently switch therapists and medications, most recently on October 1, just days before the hearing. She has yet to reach a stable point in her treatment. The mother's unaddressed mental health makes it imminently likely that N.H. will suffer harmful effects due to her exposure to the mother's violent outbursts.

We also find clear and convincing evidence that N.H. would suffer further harm under section 232.2(6)(e), which defines a child in need of assistance as one "[w]ho is in need of medical treatment to cure, alleviate, or prevent serious physical injury or illness and whose parent . . . is unwilling or unable to provide such treatment." N.H. has been diagnosed with stridor, which causes difficulty breathing. She has already required one surgery, and will likely need others in the future. The condition requires close monitoring. Unfortunately, the mother has not attended medical appointments or sought out information about N.H.'s condition. Due to the mother fleeing the state with N.H., she missed a pre-operation appointment and the scheduled surgery. The mother does not know the name of N.H.'s doctor or the medication N.H. requires.

While we commend the mother on the progress she appears to have made in regard to her substance abuse, her ongoing struggles with mental illness and the mother's lack of attention to or knowledge of N.H.'s medical condition make it imminently likely that N.H. would suffer further harm if returned to the mother at the time of the termination hearing. Termination was proper under Iowa Code section 232.116(1)(h).

### C.      Whether Termination is in the Best Interest of the Child

The mother alleges that termination is not in N.H.'s best interest. When considering this prong, we must "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2).

N.H.'s current placement is willing to adopt, N.H. has been developing well in her current placement, and she has a half-sibling in this placement. N.H. refers to the relative placement as her parents. As such, N.H. has become integrated into her current placement, which offers her a "stable, satisfactory environment." *See* Iowa Code § 232.116(2)(b)(1). Given the concerns outlined above, in particular the mother's ongoing struggles with mental health and inability to provide necessary medical care, along with N.H.'s integration into her relative placement, we find that termination is in the best interest of N.H.

### D.      Whether an Exception Applies Precluding Termination

Within the mother's best interest argument, she makes passing reference to several permissive exceptions. We elect to reach the merits of these claims under Iowa Code section 232.116(3). The mother claims that the court should

have declined to terminate her parental rights because of the close bond she shares with N.H. and the fact that N.H. currently lives with a relative. The factors under 232.116 "are permissive, not mandatory." *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018). The parent resisting termination bears the burden of establishing an exception. *Id.* at 476.

First, the mother claims that she and N.H. share a close bond. However, the record does not establish "clear and convincing evidence" that termination will be detrimental to the child based on a close bond. *See* Iowa Code § 232.116(3)(c). Witnesses testified that the mother's visits with N.H. are defined by a lack of engagement or positive interactions. Further, N.H. tends to become reserved during the visits, a noticeable contrast with her usual outgoing personality. The record reflects that N.H. is more comfortable with the staff members who are present for the visit than with her mother. We, like the district court, decline to apply this permissive exception to termination under section 232.116(3)(c).

Similarly, the court declined to find an exception under Iowa Code 232.116(3)(a). Such exception requires that N.H. be in the custody of a relative. While N.H. is in the custody of a relative, that placement has a tumultuous relationship with the mother. This placement has moved in the past because of the mother's threats and acts of vandalism. We decline to apply this permissive exception to termination. We affirm the district court.

**AFFIRMED.**